UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

CYBIL FISHER,
Petitioner,

v.

UNITED STATES OF AMERICA, *et al.*,

Respondents.

Civil Action No. 3:13-MC-08

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Respondents' Motion to Dismiss for Lack of Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), (ECF No. 4), Petitioner Cybil Fisher's ("Fisher" or "Petitioner") Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407, (ECF No. 7), and Petitioner's Motion to Stay Proceedings Pending Transfer or Consolidation By the Judicial Panel on Multidistrict Litigation, (ECF No. 9). For the reasons that follow, the Court GRANTS Respondents' Motion to Dismiss, DENIES Petitioner's Motion to Transfer, and DENIES Petitioner's Motion to Stay.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Fisher filed a petition ("Petition") to quash summonses issued by the Internal Revenue Service ("IRS") to obtain financial information concerning Petitioner. On June 18, 2013, the IRS, through its officer Special Agent Jeffrey Hencke ("Agent Hencke"), issued summonses to Capital One Bank seeking financial records related to the financial transactions of Fisher for the taxable years 2007 through 2012. On that same date, the IRS sent notice of the summonses to Fisher by certified mail. Prior to the filing of the Petition, Agent Hencke received a package containing some financial information from Capital One.

Agent Hencke declared that he has not looked at, and will not look at, the contents of the package from Capital One until the Court rules on the Petition. Petitioner's Petition to Quash was filed on July 11, 2013.

Petitioner has filed Petitions to Quash in several federal district courts including the Eastern District of Virginia, the District of Arizona, the Southern District of Indiana, the District of Minnesota, the District of South Dakota, the Northern District of Texas, the Western District of Texas, the Eastern District of Wisconsin, and the Western District of Wisconsin. Respondents filed this instant Motion to Dismiss on August 23, 2013. Subsequently, Petitioner failed to respond to the Motion to Dismiss but filed a Motion to Transfer and a Motion to Stay Proceedings Pending Transfer. Lastly, Respondents filed a Response to Petitioner's Motion to Stay and a Notice to Submit for Decision Without a Hearing on October 7, 2013.

## II. LEGAL STANDARD REGARDING *PRO SE* PLAINTIFFS

Petitioner brought this action *pro se*, which requires the Court to liberally construe her pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, a *pro se* complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if a court can reasonably read the pleadings to state a valid claim on which Petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not, however, construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor

should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. MOTION TO DISMISS AND JURISDICTION

### A. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(1), defendants may attack subject-matter jurisdiction by contending that the complaint fails to sufficiently allege facts upon which the Court may make a finding of subject-matter jurisdiction, or they may contend that the jurisdictional facts are untrue. *King v. Riverside Reg'l Med. Ctr.,* 211 F. Supp. 2d 779, 780 (E.D. Va. 2002). In both situations, the burden is on the plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982).

If the defendant asserts that the complaint fails to allege sufficient jurisdictional facts, then the facts alleged in the complaint are assumed to be true. *King,* 211 F. Supp. 2d at 780. "The court construes all facts in favor of the plaintiff, and it relies solely on the pleadings, disregarding affidavits or other materials." *Id.* (citing *Adams,* 697 F.2d at 1219). If, however, the defendant asserts that the jurisdictional facts are not true, "no presumption of truthfulness attaches to the allegations in the complaint, and the trial court must weigh the evidence presented and evaluate for itself the merits of the jurisdictional claims." *Id.* (citing *Arthur Young & Co. v. City of Richmond,* 895 F.2d 967, 971 n.4 (4th Cir. 1990)).

### B. Parties' Arguments

Petitioner argues that the Court has jurisdiction pursuant to 26 U.S.C. § 7609 and 5

U.S.C. § 522(a).[1] She contends that the IRS: first, failed to give her timely notice under 26 U.S.C. § 7609(a)(1); second, failed to provide her with advance notice that contact with certain third parties were to be made under 26 U.S.C. § 7602(c)(1), and (2); third, issued a summons while a referral for criminal prosecution to the Department of Justice was pending in violation of 26 U.S.C. § 7602(d)(2)(A); fourth, failed to meet the "good faith" requirement of *United States v. Powell*, 379 U.S. 48 (1964), as a result of the aforementioned failures; and fifth, caused her records to be turned over to the Respondents in violation of the banking and constitutional privacy laws of the United States and the State of Wisconsin.

Respondents argue that this Court lacks jurisdiction under 26 U.S.C. § 7609(b)(2)—allowing for a proceeding to quash an IRS summons to be brought—because the statute constitutes a very limited waiver of sovereign immunity and is not applicable where Petitioner failed to comply with the statute. They contend that Petitioner failed to file her Petition to Quash within twenty (20) days of the date of the notice of the summons under section 7609(b)(2)(A). Respondents aver that the IRS gave notice of the summons on June 18, 2013 and that Petitioner filed her Petition to Quash on July 11, 2013—twenty-three (23) days after the date on which the notice was mailed. Lastly, Respondents argue that Petitioner also failed to comply with the requirement of section 7609(b)(2)(B) to send a copy of her Petition by registered or certified mail to the issuing agent and the summoned record keeper within twenty (20) days after the IRS gave notice.

C. <u>Analysis</u>

---

[1] 5 U.S.C. § 522 does not correspond to an actual statute. Petitioner may be referring to the Freedom of Information Act, 5 U.S.C. § 552, which pertains to public information, agency rules, opinions, orders, records, and proceedings.

Section 7602(a) authorizes the Secretary to summon records and testimony for the purpose of:

> ascertaining the correctness of any return, making a return where none has been made, [or] determining the liability of any person for any internal revenue tax . . . [t]o summon . . . any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax . . ., or any other person the Secretary may deem proper, to appear . . . and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry.

26 U.S.C. § 7602(a). A summons issued under section 7602(a) may be issued in connection with an inquiry into any offense connected with the administration or enforcement of the internal revenue laws—including criminal offenses. *See id.*; *Weiss v. Comm'r of Internal Revenue*, 919 F.2d 115, 115 n.1 (9th Cir. 1990). Section 7609 provides a specific set of rules for IRS summons issued to third-party recordkeepers. 26 U.S.C. § 7609. Such notice must be accompanied by a copy of the summons which has been served on the third-party recordkeeper and must contain an explanation of the taxpayer's right to bring a proceeding to quash the summons. 26 U.S.C. § 7609(a)(1). The taxpayer may file a "proceeding to quash" the summons within twenty days from the date of notice of the summons.

> Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

26 U.S.C. § 7609(b)(2)(A). Subsection (a)(2) specifies, in part, that notice of the right to file a petition to quash is "sufficient" if it is mailed by certified or registered mail to the last known address of the person entitled to notice. 26 U.S.C. § 7609(a)(2). Notice of a third-party summons served by the IRS is given on the date it is mailed. *See Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990); *Stringer v. United States*, 776 F.2d 274, 275 (11th Cir.

1985); *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985); *see also Sarnowski v United States*, 3:05-MC-0009, 2005 WL 2715656, at *1 (E.D. Va. Sept. 8, 2005).

According to Petitioner, the IRS did not provide her with timely notice. However, Petitioner provides no factual basis to support her claim. In contrast, Respondents provide a copy of the summons to Capital One Bank, a copy of the Service of Summons, Notice and Recordkeeper certificates to Petitioner, and a certified mail receipt from the United States Post Office showing the date of completed delivery. The Court need not accept legal conclusions presented as factual allegations and may consider the Petition, its attachments, and documents attached to the motion to dismiss, so long as they are integral to the complaint and authentic. *See Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Accordingly, the Court finds that IRS gave notice of the summons on June 18, 2013 and Petitioner filed her Petition to Quash on July 11, 2013—twenty-three (23) days after the date on which the notice was mailed. As such, "[t]he case law is clear that 'a petition to quash a third party summons that is filed more than twenty days after the *mailing* of the summons by the IRS must be dismissed for lack of jurisdiction.'" *Sarnowski*, 2005 WL 2715656, at *1 (citing *Faber*, 921 F.2d at 1119)).[2]

For the above reasons, the Court GRANTS Respondents' Motion to Dismiss on all Counts. Because the Court lacks jurisdiction, Petitioner's related substantive arguments need not be addressed.

## IV. MOTION TO STAY

### A. Parties' Arguments

[2] The Court declines to determine whether Petitioner also violated section 7609(b)(2)(B) because the issue is moot.

Petitioner moves the Court to stay proceedings in this case pending action by the Judicial Panel on Multidistrict Litigation ("JPML"). She asserts that, generally, courts often stay proceedings pending possible transfer in order to conserve judicial resources.

Respondents assert that the Court has jurisdiction to deny Petitioner's Motion to Stay and dismiss the Petition. They aver that the only proper action where a court lacks jurisdiction is to dismiss the case.

B. Analysis

"A pending transfer motion before the JPML does not deprive the district court in which the action is then pending of jurisdiction over pretrial matters." *Litchfield Co. v. BP*, 2:10-CV-1462, 2010 WL 2802498, at *1 (D.S.C. July 10, 2010); Judicial Panel on Multidistrict Litigation, Rule 2.1(d). Nevertheless, it is well established that this Court possesses the inherent power to stay proceedings and to "promote 'economy of time and effort for itself, for counsel and for litigants.'" *Robinson v. DePuy Orthopaedics, Inc.*, 3:12-CV-3, 2012 WL 831650, at * 2 (W.D. Va. March 6, 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The decision of whether or not to stay a case pending in district court lies within the sound discretion of the court to control its docket, absent a statute removing that discretion." *Linear Prods. v. Marotech, Inc.*, 189 F. Supp. 2d 461, 463 (W.D. Va. 2002) (internal citations omitted); *see Landis*, 299 U.S. at 254-55. "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

In considering a motion to stay, a district court must "weigh competing interests and maintain an even balance." *Yearwood v. Johnson & Johnson*, Civil Action No. RDB–12–1374,

2012 WL 2520865, at *3 (D. Md. June 27, 2012). Specifically, a district court should consider three factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; (3) potential prejudice to the non-moving party." *Johnson v. DePuy Orthopaedics, Inc.*, 3:12-CV-2274, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012) (quoting *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001)). Additionally, "courts frequently grant stays in cases when an MDL decision is pending." *Brandt v. BP*, 2:10-CV-1460, 2010 WL 2802495, at *2 (D.S.C. July 14, 2010) (collecting cases).

Because the Court lacks jurisdiction over this matter, it is in the interest of judicial economy for the Court to decline to stay this case. Judicial resources would not be misused by a dismissal of this matter; in fact, they would be conserved.

Likewise, because the Court lacks jurisdiction, there is no hardship to Petitioner as a moving party because a dismissal of this matter does not increase the current burden of multi-district litigation that Petitioner faces.

In contrast, there is a risk of prejudice against Respondents in this matter due to the potential for significant delay. The Court is unable to estimate the exact period of possible delay should the Court stay this matter in anticipation of a ruling by the JPML. It is very possible that a ruling from the JPML could take months. This significant period of delay, may prejudice the Respondents, who must also litigate similar petitions in other jurisdictions. *See Sehler v. Prospect Mortgage, LLC*, 1:13-CV-473, 2013 WL 5184216, at *3 (E.D. Va. Sept. 16, 2013) (finding prejudice to a respondent where the delay anticipated was four to six months). Further, there is no indication that the JPML has even heard Petitioner's argument regarding transfer or consolidated any cases in this matter.

For the foregoing reasons, the Court DENIES Petitioner's Motion to Stay.

## V. MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1407

Petitioner moves this Court to transfer this matter to the Eastern District of Wisconsin under 28 U.S.C. § 1407 for the convenience of the parties in this multi-district litigation. Section 1407 provides, in part, that:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. § 1407(a). This Court is not the JPML and lacks jurisdiction to transfer this matter under section 1407. As a result of her misuse of section 1407, Petitioner has not provided any legal basis on which to grant a transfer. Accordingly, Petitioner's Motion to Transfer is DENIED.

Let the Clerk send a copy of this Memorandum Opinion to Fisher and all counsel of record.

An appropriate Order shall issue.

/s/
James R. Spencer
United States District Judge

ENTERED this 18th day of November 2013.